*W. G. Bates & H. Morris*, for the defendant.

---

JOSEPH J. WEST & another *vs.* CALEB RICE, Executor,

W. recovered judgment against H., for whom B. was bail, for the sum of $822·30, and costs, and, on H.'s avoidance, recovered judgment against B., as bail, for the same sum, with interest thereon, and took out execution, on which B. was committed to prison : P., the deputy sheriff, who took B. as bail in W.'s suit against H., professing to act by W.'s authority, received $300 of B. by way of compromise, and discharged him from prison : W. disavowed P.'s authority, and brought an ac tion against the sheriff for P.'s default in taking insufficient bail, and recovered $299·60 damages : Afterwards, W. sued P.'s executor, in an action for money had and received, to recover the $300 which P. received of B. *Held*, that the action could not be maintained.

ASSUMPSIT for money had and received by Israel M. Parsons, the defendant's testator, to the use of the plaintiffs. Trial before *Wilde*, J. whose report thereof was as follows :

The plaintiffs gave evidence that on the 9th of April 1840, an execution was issued, in their favor, against Delano Bartlett, for $918·09 damages, and $37·97 costs, which was put

into the hands of Israel M. Parsons, the defendant's testator, and then a deputy of the sheriff of Hampden, (the defendant,) for collection; and that said Parsons's return on said execution was thus: "Hampden, ss. May 9th 1840. By virtue of this execution, I have arrested the within named Delano Bartlett, and him committed to our jail in Springfield, and left a true copy of this execution with the keeper thereof.

<div align="center">I. M. Parsons, Deputy Sheriff."</div>

The plaintiffs then called said Delano Bartlett as a witness, who testified, that on the 17th of August 1840, and while he was on the prison limits, he paid to said Parsons the sum of three hundred dollars on said execution, for which Parsons gave him a receipt, a copy of which is in the margin.*

It appeared that the judgment against Bartlett, on which the aforesaid execution issued, was on a writ of *scire facias* against him as bail of H. W. Hatch; and said Bartlett testified, on cross examination, that when he paid the $300 to Parsons, Parsons said he had been to New York and seen the plaintiffs, and that they had agreed that, if Bartlett would pay $500, they would give up the debt. Bartlett further testified that he knew that Parsons was liable for taking insufficient bail, and that he offered Parsons $250, but finally paid $300, and Parsons agreed to pay the remaining $200.

The defendant then offered in evidence the record of the case of *West* v. *Rice*, which is reported in 9 Met. 564, (in which the present plaintiffs recovered a judgment for the sum of $299·60, against the defendant, in his capacity of sheriff, for the default of said Parsons in taking insufficient bail in their action against H. W. Hatch and another,) and

---

* "Received, Westfield, August 17th 1840, of Delano Bartlett, three hundred dollars, for which sum it is agreed he shall be discharged from any further liability of an execution in favor of West & Oliver *vs.* said Bartlett, which accrued in consequence of being bail for Henry W. Hatch; and it is further agreed that, should the debt be hereafter collected of said Hatch, that the above amount shall be refunded to said Bartlett, and his proportional share of such profits as may arise from the compromise with West & Oliver; and if the said Bartlett shall receive his pay from said Hatch, he is to pay me in same proportion as I have agreed to pay him.　　I. M. Parsons."

contended that the recovery there was a bar to this action. It appeared from said record, that the judgment recovered by the plaintiffs against H. W. Hatch and another, in the action in which Bartlett became bail, was for $822·30 damages, and $17·81 costs of suit.

The defendant also called, as a witness, Patrick Boise, Esq. who was attorney of the plaintiffs in their original suit against Hatch and another, and also in their aforementioned suit against the defendant, for the default of Parsons. This witness testified, that in 1842 or 1843, Parsons called on him, and said he was the agent of the plaintiffs, and had discretionary power to settle as he saw fit, and proposed to pay the witness the $300, which he had received of Bartlett, if the witness would give him a discharge ; that the witness declined making the arrangement, and wrote to the plaintiffs, who denied that Parsons had any authority from them.

It appeared that on the trial of the former action against the defendant as sheriff, no evidence was offered of the $300 paid by Bartlett to Parsons, and that no claim was then made by the plaintiffs, on that account.

The case was taken from the jury, under an agreement of the parties that the defendant should be defaulted, or the plaintiffs become nonsuit, as the whole court should order.

*R. A. Chapman,* for the plaintiffs. The former recovery (9 Met. 564) was not for the same cause of action, and therefore is not a bar to this suit. *Loomis* v. *Green,* 7 Greenl. 386. *Pitcher* v. *Bailey,* 8 East, 171. The full damages for taking insufficient bail were not recovered in the former action ; and for that reason also this action is not barred by that recovery. *Morris* v. *Robinson,* 3 Barn. & Cres. 206, per Holroyd, J. See also *Bonafous* v. *Walker,* 2 T. R. 132, per Buller, J.

*W. G. Bates,* for the defendant. The plaintiffs have already recovered all that a jury found they had lost by reason of Parsons's taking insufficient bail ; to wit, the sum which the plaintiffs would have obtained, if sufficient bail had been taken. *West* v. *Rice,* 9 Met. 564. They are, therefore, not entitled to recover any thing further.

544 HAMPSHIRE, FRANKLIN AND HAMPDEN.

West & another v. Rice, Executor.

Besides; as the plaintiffs disavowed Parsons's authority to compromise their claim, and sued the sheriff for Parsons's default, and recovered damages, they cannot now resort to Parsons as their agent, and call on his executor for the money, as received for them.

SHAW, C. J. Formerly an action was brought by the same plaintiffs against the same defendant, in his capacity as sheriff of Hampden, for the default of his deputy, Israel M Parsons, in taking insufficient bail. *West v. Rice,* 9 Met. 564. Now the action is brought against him, as the executor of the last will of said Parsons, in assumpsit, to recover a sum of money received by said Parsons, under the circumstances stated in the report.

After Parsons, the deputy sheriff, had committed Bartlett to jail on execution, he was *functus officio,* and had no authority to receive any money from Bartlett; and especially he had no authority to compromise, and receive part of the debt, in satisfaction of the whole. But he professed to act for the creditors, and to receive of Bartlett the three hundred dollars, in full satisfaction of the judgment against him as bail of Hatch, which was for the whole amount of the debt due from Hatch to the plaintiffs. Had the plaintiffs elected to affirm his agency, and ratify this act of compromise, made by him on their behalf, he would have been estopped to deny that he received the money for their use, and this action for money had and received could be well maintained. But if they had ratified his authority in part, they must have ratified it in whole, and the act of compromise would be their act. After such a compromise, having a judgment for their whole debt against the bail, and having voluntarily discharged it, they could not be permitted to turn round and proceed against the same officer, or his principal, for his default, by averring that such bail was insufficient.

But the plaintiffs not only denied, through their counsel, Mr. Boise, that Parsons was authorized to make such compromise, and refused to accept the money; but they also brought an action against the sheriff for the default of Parsons

in taking insufficient bail; which was a direct disaffirmance of his authority so to compromise with the bail.

We are therefore of opinion that the recovery against the sheriff, in the former suit, is a bar to this suit, not on the principle of *res judicata,* but as an election of one of two repugnant and inconsistent remedies. The plaintiffs had an election to affirm the compromise and accept the money, which would have been a waiver of the right to sue the sheriff in tort; or to disaffirm the agency of the deputy, and thus proceed in tort, on the ground that the money was not taken by their consent or for their use. The adoption of the one remedy was a relinquishment of the other.

<div align="right">

*Plaintiffs nonsuit.*